UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                   Case No.: 8:20-cr-53-WFJ-CPT

FRANK EILAND
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Frank Eiland, USM#: 73637-018, moves, *pro se*, (Dkt. 127) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On December 9, 2022, Frank Eiland was sentenced to two concurrent terms of 125 months in prison for two counts of possession with intent to distribute a controlled substance—a mixture containing cocaine, crack cocaine, synthetic cathinone (eutylone), marijuana, and methamphetamine—pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D). Mr. Eiland's total offense level was 29. Dkt. S-111 at 10; Dkt. S-119 at 1. He was assessed seven (7) criminal history points, and his criminal history was category VI. Dkt. S-111 at 21 (3 points), 25 (4 points); Dkt. S-119 at 1 (category VI). Mr. Eiland's advisory sentencing range was 151–188 months. Dkt. S-119 at 1. The Court reduced the total drug quantity to 112 kilograms based on defense counsel's objections to the PSR. Dkt. S-119 at 1.

At the request of both parties, the Court varied downward below the guidelines to the guideline range that would have been applicable had the career offender enhancement not applied (total offense level 27, criminal history category IV, 100–125 months). Dkt. S-119 at 4. The Court took into consideration the unusual change in the law that triggered the application of the enhancement after the Defendant's plea. *Id.* Additionally, "the variance considered the overstated violence that occurred in the offense and was captured in the defendant's guideline range." *Id.* As noted by the United States, even if Mr. Eiland were not a career offender, his guideline range would be 100–125 months and he would still have a criminal history score of seven and a criminal history category of IV. Dkt. 116 (sentencing memo.) at 12; Dkt. S-105 at 26. His criminal history includes a half dozen felony convictions for distribution of narcotics. Dkt. 116 at 12. The Bureau of Prisons online inmate locator shows a release date from BOP custody of May 21, 2028.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that

3

under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is impermissible under either Part A or Part B, subpart 1 because "the defendant was assessed one or more criminal history points and was not assessed status points." S-Dkt. 131 at 1.

     A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 135. A motion for sentence reduction will not be filed on behalf of Mr. Frank Eiland because he "did not receive status points as he was not under supervision at the time of the instant offense, and he received criminal history points [making] him ineligible for Amendment 821 Part A and Part B respectively." *Id*. The Court provided 21 days for any *pro se* filing. Dkt. 136. Nothing additional has been filed.

     The Federal Defendant also correctly noted that "Mr. Eiland's *pro se* motion argues for relief under Part C, but Part C does not apply retroactively under U.S.S.G. §1B1.10(d)." Dkt. 135 at 3. In reviewing Defendant's original *pro se* motion, Part C, §4A1.3, is raised. Dkt. 127. Part C was amended pursuant to Amendment 821 to reduce a sentence based on prior marijuana possession sentences, thereby reducing criminal history points. *See* §4A1.3 cmt. n.3.(A)(ii) ("A downward departure from the defendant's criminal history may be warranted . . . [if] the defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another

4

person." According to the PSR, Defendant received one point for a prior marijuana possession. Dkt. 111 at 25. Defendant argues that he drops to a Category III with a new sentencing range of 87 to 108 months. Nonetheless, Part C does not apply retroactively, and Defendant may not receive the benefit of a reduction in criminal history points. *See* U.S.S.G. §1B1.10(d) (listing covered amendments to 821 as Parts A and B only).

The Court varied downward to a below-the-guidelines sentence, taking into account all the considerations set forth above. Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 125-month sentence.

Sheriff's deputies and police officers were responding to a reported homicide at the Defendant's apartment in Tampa, Florida. Dkt. S-111 at 5–6. The homicide occurred after a drug deal occurred in Defendant's apartment. *Id.* Defendant was arrested a few days later at a hotel where various drugs were seized with a total converted drug weight equivalency of 113.5 kilograms. *Id*. at 9. Defendant admitted to selling drugs from his apartment for over a year and to resuming the sale of drugs once he moved to the hotel. Dkt. 85 (plea agreement) at 19. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id*. at (a)(2)(A). The sentences

courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Frank Eiland's *pro se* motion (Dkt. 127) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on September 30, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE